Case 4:14-cv-00368-A Document 9 Filed 06/09/14 Page 1 of 8 PageID 65

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 9 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RORY DELL MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-368-A |
| | § | |
| TARRANT COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is a complaint pursuant to 42 U.S.C. § 1983 filed in the above action by plaintiff, Rory Dell Martin, naming Tarrant County Jail as defendant. Because Tarrant County Jail is not an entity capable of being sued, the court is substituting Tarrant County ("County") as a proper defendant. Having considered the complaint and applicable legal authorities, the court concludes that the complaint should be dismissed.

I.

The Complaint

Plaintiff's claims appear to be based on an alleged violation by staff at Tarrant County Jail of his Eighth Amendment right to receive necessary medical care. Plaintiff asserts that in 2012, he was painting and waxing floors during a jail

inspection, apparently under the supervision of "Lt. Avaun and correctional officer Bailey," when plaintiff slipped and injured his back and neck. Compl. at 4. Plaintiff claims the medical staff did not take x-rays or make an appointment for plaintiff with a back specialist, but did give him ibuprofen. Plaintiff states that he believes County is "responsible" for not placing a wet floor sign[1] and requests x-rays of his neck and back and any necessary surgery to relieve the pain. Compl. at 4.

As to whether plaintiff has exhausted his administrative remedies, plaintiff answered "YES" to the question on page 3 of his complaint, "Have you exhausted both steps of the grievance procedure in this institution?", but also stated, "See Attachment 1." In the attachments to the complaint, plaintiff explains that he did not file a step two form because he did not receive a response to his step one grievance. Plaintiff states that he asked Legal Aid of NorthWest Texas for assistance, but it

---

[1] The court notes that to the extent plaintiff is asserting that County is liable for his slip and fall injuries because of the failure to place a wet floor sign, such contention sounds in negligence and is not cognizant under 42 U.S.C. § 1983. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) ("Specifically, Marsh alleged that a leaking or sweating air conditioning unit made the floor wet and that Defendants failed to warn inmates of the wet floor, and that, as a result of Defendants' conduct, she slipped and damaged her ring. Because Marsh's claim for damage to her engagement ring is a garden-variety negligence claim, we hold that it is not actionable under section 1983."); Beasley v. Anderson, 67 Fed. App'x 242 (5th Cir. 2003) (per curiam) ("Beasley's claim regarding a slip and fall sounds in negligence, which is insufficient to allege a constitutional violation."); Smith v. Dallas Cnty., Tex., 68 F.3d 464 (5th Cir. 1995) (per curiam) ("The negligent act of an official that causes loss or injury will not state a claim under § 1983. ").

declined by letter dated July 6, 2012, because it cannot represent incarcerated persons. Plaintiff further explains that he next wrote the Texas Commission on Jail Standards but was told by letter dated September 17, 2013, that he had not exhausted the use of the grievance and appeals procedures at the jail and that he should file a grievance through the Sheriff's Office. Plaintiff then filed a step one grievance with Tarrant County Jail on December 23, 2013. Plaintiff wrote follow-up letters to the jail on March 3, 2014, and March 31, 2014, but claims that as of May 15, 2014, he still had not received a response. Therefore, plaintiff did not pursue step two of the grievance process. He filed the instant complaint with the court on May 22, 2014.

II.

Evaluating the Complaint Under 28 U.S.C. § 1915A

Plaintiff is incarcerated in the Tarrant County Jail. As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law."

3

Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered plaintiff's claims against County, the court concludes that they should be dismissed under the provisions of 28 U.S.C. § 1915A.

### III.

### Analysis

A. <u>Failure to Exhaust Administrative Remedies</u>

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with

4

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, "[f]ailure to exhaust is an affirmative defense, and 'inmates are not required to specially plead or demonstrate exhaustion in their complaints.'" Hicks v. Lingle, 370 Fed. App'x 497, 498 (5th Cir. 2010) (per curiam), cert. denied, ___U.S.___, 131 S. Ct. 821(2010), (quoting Jones v. Bock, 549 US. 199, 216 (2007)). "Dismissal may be appropriate, however, when, on its face the complaint establishes the inmate's failure to exhaust." Id. (citing Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007)).

Here, plaintiff admits that he did not pursue the second step of the Tarrant County Jail grievance process. Plaintiff filed his step one grievance on December 23, 2013, but as of May 15, 2014, he had received no response. Plaintiff is deemed to have exhausted the first step of the two-step grievance procedure after the sixty-day response period has elapsed. See id. (citing Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998) (overruled on other grounds)). The sixty-day response period for Tarrant County Jail to respond to plaintiff's first step grievance expired February 21, 2014; therefore, plaintiff exhausted step one of the grievance procedure before filing the instant

5

complaint.

However, the lack of a response to plaintiff's step one grievance does not excuse his failure to pursue step two of the procedure. While it is true that "an inmate has exhausted administrative remedies when he follows each step of the prison grievance process without ever having received a response from the prison," id. at 499 (citing Underwood, 151 F.3d at 295) (emphasis added), plaintiff here concedes that he has failed to comply with the second step. Therefore, it is clear from the face of plaintiff's complaint that he has not exhausted his administrative remedies and, thus, has failed to state a claim upon which relief may be granted. See Carbe, 492 F.3d at 328 (citing Jones, 127 S. Ct. at 920-21) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."); Hicks, 370 Fed. App'x at 498 (citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir.2001)) (affirming dismissal of prisoner's § 1983 complaint where the prisoner failed to file a step two grievance after he received no response to his step one grievance, and holding that "failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies.").

B.      Failure to State a Claim for Municipal Liability

Plaintiff's claims against County should also be dismissed because plaintiff has failed to state a claim against County for municipal liability under § 1983. It is well-settled that local government entities such as County cannot be held liable for the acts of their employees solely on a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978).

Liability may be imposed against a local government entity under § 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, __ U.S. __, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 692). To hold County liable under § 1983 requires that plaintiff "initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'" Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir.1994)). An "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S. Ct. at 1359. Therefore, liability against local

7

government defendants pursuant to § 1983 requires proof of "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff's complaint against County under § 1983 fails because plaintiff has failed to allege sufficient facts to state a claim for municipal liability. Nothing in the complaint alleges that an official policy or custom was a cause in fact of any deprivation of rights, nor has plaintiff identified any responsible policymaking officials. Therefore, plaintiff has failed to state a claim for municipal liability against County, and his complaint should be dismissed.

Therefore,

The court ORDERS that the above-captioned action wherein plaintiff is Rory Dell Martin and defendant is Tarrant County be, and is hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. 1915A(b).

SIGNED June 9, 2014.

JOHN MCBRYDE
United States District Judge